IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| VIVE LA FETE, INC. | ) |
| Plaintiff, | ) CASE NO.: |
| vs. | ) |
| LACOSTE ALLIGATOR, S.A., | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Vive La Fete, Inc. ("Vive"), files this Complaint for Declaratory Relief against Defendant Lacoste Alligator, S.A. ("Lacoste").

## I.   THE PARTIES

1. Vive is a Florida corporation with a principal place of business at 7175 SW 47th Street, Suite 205, Miami, FL, 33155.

2. Defendant Lacoste Alligator S.A. ("Lacoste") is a Swiss corporation, maintaining a principal place of business at rue de Cornavin 6, 1201 Genève, Switzerland.

## II.   JURISDICTION AND VENUE

3. The Court has personal jurisdiction over Lacoste because Lacoste operates, conducts, and/or engages in business and business ventures in Miami-Dade County, Florida as well as other parts of the State of Florida.

4. The acts or omissions giving rise to this action occurred in Miami, Florida. Particularly, Vive produces and sells a product line of children's clothing in Miami, Florida. Vive's clothing products are embroidered or otherwise decorated with various types of animals.

Some of the decorations include a variety of alligator images to decorate its clothing, amongst various other animals and objects. Lacoste claims Vive's alligators are reproductions, copies, counterfeits, colorable imitations and/or marks confusingly similar with Lacoste's intellectual property. Lacoste initiated this dispute by issuing a letter to Vive demanding that Vive immediately stop manufacturing, designing, and selling its clothing line of alligators or a lawsuit would be filed for substantial damages, costs, and attorney's fees. Vive had no choice but to immediately stop conducting business with regard to the entire line of products with alligator decorations.

5. This Court has subject matter jurisdiction in this matter pursuant to 28 USC § 1338 and 28 USC § 2201. In pertinent part, 28 USC § 1338 provides that this Court shall have "original jurisdiction of any civil action arising under […] trademarks." This Court is empowered to declare the legal rights and responsibilities of parties which are embroiled in a case or controversy through 28 USC § 2201(a).

### III.   FACTUAL BACKGROUND

6. Vive produces and sells clothing in a variety of colorful designs and patterns, and often portrays images of animals and other objects which are attractive to children. Examples of these images and characters include, without limitation, crabs, whales, fish, butterflies, flamingos, and reptiles (including alligators). (See attached **Exhibit A**.)

7. The images decorate Vive's clothing in substantially the same way, irrespective of which image is depicted. (See **Exhibit B**.) Many items of Vive's clothing displays the images in a repetitive pattern causing the eye to not be drawn by a single image, but a sea of images. (See attached **Composite Exhibit C.**) The images on Vive's clothing do not identify the source of the product, rather each type of image is a different option for decoration of Vive's clothing.

8. Illustrations of alligators are generally depicted from the side to be recognizable as an alligator, particularly when using any sort of low-detail or minimalistic style. The fundamental qualities of a long scaly body and tail, short legs, and an elongated and toothy mouth are what differentiates an illustration of an alligator from an image of another animal or reptile. A depiction of the front of the alligator or the back of the alligator is less recognizable as an alligator when using a low-detail or minimalistic style. Due to the inherent and fundamental qualities of alligators, these alligator designs are typically depicted from the side.

9. On May 10, 2019, Lacoste sent Vive a demand letter threatening litigation for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition unless Vive complied with its demands. Lacoste demanded that Vive destroy its products and pay an exorbitant sum in order to avoid statutory damages which would most likely cause the closure of Vive's business.

10. Lacoste claimed that Vive's alligators are unauthorized reproductions, copies, counterfeits, colorable imitations, and/or marks confusingly similar with Lacoste's trademarks.

11. Specifically, Lacoste claimed that Vive's alligators infringe on the following trademarks:



(See attached **Exhibit D**.)

12. Subsequent to Lacoste's May 10, 2019 demand letter, Lacoste also claimed that Vive's alligator designs were a violation of Lacoste's copyright, with registration number VAu1-058-229 as pictured below:



13. Lacoste demanded that Vive pay compensation to Lacoste and destroy its products depicting *any* alligators irrespective their lack of similarity of design, lack of similarity of sales to the same retail outlets or to the same retail purchasers as Lacoste's products, and irrespective of

the fact that no actual confusion occurred. Lacoste demanded that articles of clothing with no resemblance to Lacoste's intellectual property be destroyed. See examples below:



Lacoste is effectively claiming a monopoly on every depiction of an alligator with a side-view depiction. Lacoste also demanded to be paid compensation for same.

14. There is no reasonable likelihood that a consumer would confuse these products containing animal designs for being a mark indicating that the origin of said product is Lacoste. Vive's products which contain alligators are sold along with a variety of different decorative designs containing a menagerie of types of animals. Alligators are simply one example of the types of animals portrayed in these decorations. Vive only sells children's clothes. Further, Vive's products are not sold at the same retail locations and are not sold at the same price point.

15. Vive denies Lacoste's claims that Vive's alligator designs violated Lacoste's intellectual property rights. Lacoste's perpetuation of this controversy causes harm to Vive. Vive stopped selling any apparel which Lacoste claims is infringing out of fear of Lacoste's threats. Because Lacoste has claimed ownership over all imagery displaying an alligator, Vive is forced to suspend sales of a large swathe of its product line, regardless of any resemblance to Lacoste's trademark. By retaining these products and not offering them for sale, Vive has incurred and will

continue to incur the expense of maintaining and storing products which it cannot offer for sale until the resolution of this controversy.

16. Vive La Fete had no intention to infringe in any way on Lacoste's intellectual property. Vive desires to design and sell its children's clothing which contain alligator designs that do not infringe on any of Lacoste's trademarks. Because of Lacoste's threats, Vive cannot do so until this controversy is resolved.

### COUNT I: DECLARATORY RELIEF AS TO LACOSTE'S TRADEMARK CLAIMS PURSUANT TO 28 USC § 2201(a)

17. Vive hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 16 above.

18. This is a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

19. Lacoste claims to hold the exclusive right to use the image of a large reptile resembling a crocodile or an alligator, as depicted in Vive's various decorative designs. This dispute between Vive and Lacoste hinders Vive's ability to do business regarding this product line.

20. Vive is in doubt about its rights in relation to Vive's clothing decorated with alligator images and Lacoste's claims regarding its intellectual property.

21. The above circumstances create a justiciable controversy which this Court can address in a claim for declaratory judgment.

22. The parties have adverse legal interests, and the perpetuation of this controversy causes Vive harm. To the extent this Court finds that any of Vive's products were not infringing on Lacoste's intellectual property, Vive will return to selling and manufacturing such products.

23. Vive's business is being harmed by Lacoste's actions, and Vive continues to experience these losses because of Lacoste's threats.

24. In order to resolve the controversy, Vive seeks a declaration that its continued use of its alligator decorations on its children's clothing, as shown in the attached Composite Exhibit C**:** (a) does not infringe any trademark rights belonging to Lacoste, (b) does not constitute a trademark violation as defined by the Lanham Act, 15 U.S.C. §§§ 1114, 1117, and 1125, (c) does not constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, (d) does not constitute a violation of Lacoste's copyright rights, and (e) does not infringe on Lacoste's common law intellectual property rights.

WHEREFORE, Vive La Fete Inc. prays that this Honorable Court:

a. Issue judgment declaring the rights respective intellectual property rights that the parties have concerning Vive's alligator decorated apparel displayed in attached as Composite Exhibit C;

b. For such other relief that this Honorable Court deems just and proper.

Dated: August 30, 2019

    Respectfully submitted,

    **Mavrick Law Firm**
    *Attorneys for Plaintiff Vive La Fete, Inc.*
    1620 West Oakland Park Boulevard
    Suite 300
    Fort Lauderdale, Florida 33311
    Telephone: (954) 564-2246
    Peter T. Mavrick, Esq.
    E-mail: peter@mavricklaw.com
    Steven M. Canter, Esq.
    E-mail: steven@mavricklaw.com
    Elizabeth Olivia Hueber
    E-mail: elizabeth@mavricklaw.com

BY: */s/ Steven M. Canter*
    Peter T. Mavrick
    Florida Bar No.: 0083739
    Steven M. Canter
    Florida Bar No.: 605891
    Elizabeth Olivia Hueber
    Florida Bar No.: 0073061